UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR IMMIGRATION STUDIES,
1629 K Street, NW, Suite 600,
Washington, DC 20006

                      Plaintiff,

v.                               Civil Action No. 24-118

U.S. CUSTOMS AND BORDER
PROTECTION,
1300 Pennsylvania Ave., NW,
Washington, DC 20229

                      Defendant.

## COMPLAINT

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against U.S. Customs and Border Protection ("**CBP**" or "**Defendant**") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the academic community, news media, and concerned citizens with reliable information about the

social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4. Defendant CBP is an agency of the U.S. Government and is headquartered at 1300 Pennsylvania Ave., NW, Suite 330, Washington, DC. Defendant is a component of the U.S. Department of Homeland Security ("**DHS**"). Defendant has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On September 14, 2023, Defendant received via its SecureRelease Portal a FOIA request submitted by Plaintiff which sought the following records ("**FOIA Request**"):

> 1) Records sufficient to show the number of aliens encountered by CBP at the southern border, from May 12, 2023 through the date of the search, who were referred by DHS to DOJ for criminal prosecution for "Improper entry by alien" under section 275(a) of the INA[1].
>
> 2) Records sufficient to show the number of aliens encountered by CBP at the southern border, from May 1, 2022 through October 1, 2022, who were referred by DHS to DOJ for criminal prosecution for "Improper entry by alien" under section 275(a) of the INA.
>
> 3) Records sufficient to show the number of aliens encountered by CBP at the southern border, from May 12, 2023 through the date of the search who were referred by DHS to DOJ for criminal prosecution for "Improper entry by alien" under section 275(a) of the INA and prosecution was accepted by DOJ.
>
> 4) Records sufficient to show the number of aliens encountered by CBP at the southern border, from May 1, 2022 through October 1, 2022, who were referred by DHS to DOJ for criminal

---

[1] https://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title8-section1325&num=0&edition=prelim.

>
> prosecution for "Improper entry by alien" under section 275(a) of the INA and prosecution was accepted by DOJ.
>
> **Information helpful to fulfilling the request:** The requester would prefer responsive data to be aggregated by monthly or weekly intervals.

(**Exhibit 1** & **2**.)

6. On September 15, 2023, Defendant issued its final response regarding Plaintiff's FOIA Request (CBP-FO-2023-138605). (**Exhibit 2**.)

7. On September 20, 2023, Plaintiff submitted its appeal via Defendant's SecureRelease Portal, challenging the adequacy of Defendant's search among other things. (**Exhibit 3**.)

8. On October 4, 2023, Defendant emailed Plaintiff confirming its receipt of Plaintiff's appeal and assigned it tacking number CBP-AP-2023-001944. (**Exhibit 4**.)

9. In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), as of the date of this Complaint, Defendant has failed to make a determination with respect to Plaintiff's appeal.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant was required to make a final determination on Plaintiff's appeal no later than October 19, 2023.

12. Defendant failed to make a final determination on Plaintiff's appeal within the time limits set by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(A)(ii); 5 U.S.C. § 552(a)(6)(B)(i); and 5 U.S.C. § 552(a)(6)(C)(i).

13.    Defendant is in violation of FOIA.

## COUNT II
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

14.    Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.    For appeal CBP-AP-2023-001944, Defendant has failed to establish that it adequately searched for, or produced responsive records despite Plaintiff's challenge to same in Plaintiff's appeal.

16.    Defendants are in violation of FOIA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.    Declare that Defendant's current and continued delay in processing Plaintiff's FOIA appeal is unlawful under FOIA;

b.    Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Request;

c.    Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Request and a *Vaughn* Index of any responsive records withheld under any claimed exemption;

d.    Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Request;

e.    Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

   f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

   g. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 11, 2023      Respectfully submitted,

                */s/ Colin M. Farnsworth*
                Colin M. Farnsworth
                DC Bar # OR0022
                Center for Immigration Studies
                1629 K Street, NW, Suite 600
                Washington DC, 20006
                Telephone: 202-466-8185 ext. 126
                FAX (202) 466-8076
                Email: cmf@cis.org